[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#114)
The plaintiffs, Glenn and Susan Turner, brought this action involving water damage in the plaintiffs' home against the defendant, Hygenix, Inc. (defendant).[1] The plaintiffs allege the following pertinent facts: in March of 1998, Allstate Insurance Co. (Allstate), with whom the plaintiffs' maintained a homeowner's insurance policy, hired and supervised Service Master of Stamford (Service Master) to help in the cleaning of the plaintiffs' home. In April of 1998, the plaintiffs learned that Service Master's efforts led to asbestos contamination and they were forced to evacuate their home. The plaintiffs notified Allstate of the contamination and Allstate hired the defendant to remediate the situation. The defendant was hired as a project design engineer in order to oversee the asbestos abatement work required to remove the asbestos which had been spread and distributed throughout the plaintiffs' house. At the end of the abatement work, there was still significant asbestos contamination in the plaintiffs' home. Consequently, the plaintiffs hired their own company to undertake a second remediation, suffered a loss of CT Page 6160 their personal property and were displaced from their home for over a year.
In an amended complaint dated July 31, 2000, the plaintiffs brought counts three, four and eleven against the defendant alleging (3) negligence; (4) breach of contract; and (11) violations of the Connecticut Unfair Trade Practice Act (CUTPA), General Statutes §42-110b.[2] In count eleven, the plaintiffs claim that the alleged wrongful conduct of the defendant[3] was performed in the course of the defendant's trade and business. (Complaint, ¶ 42.) Furthermore, the plaintiffs allege that the conduct of the defendant was unfair, immoral, unethical and unscrupulous in violation of CUTPA. (Complaint, ¶ 43.) On June 12, 2000, the defendant filed a motion to strike count eleven of the plaintiffs' amended complaint[4] on the ground that count eleven fails to state a legally sufficient cause of action as the plaintiffs must allege wrongful acts with such frequency as to indicate a general business practice in order to allege a CUTPA violation. The plaintiffs respond that a single bad act or transaction is a sufficient basis for an allegation of a CUTPA violation when the alleged wrongful act is in the course of one's trade or business.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations on any complaint . . . that party may do so by filing a motion to strike . . ." Practice Book § 10-39; see also Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269. 270, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." (Citations omitted.)Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655
(1997). The court "[m]ust construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 523, "753 A.2d 927 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
This court acknowledges that there is a split of authority in the Superior Court as to whether CUTPA requires that there be more than one allegation of wrongdoing. See, e.g., L. Suzio Concrete Co. v. CitizensBank of Connecticut, Superior Court, Judicial District of New Haven at New Haven, Docket No. CV 97 0398079 (August 7, 1998, Silbert, J.) ("As to whether a single act, as alleged here, is sufficient to constitute a violation of CUTPA, there is a well documented split of authority among the judges of the Superior Court."). However, this court is persuaded by the majority of Superior Court decisions that "have held that a party need not allege more than a single act of misconduct to bring an action under CUTPA." Masopust v. Citizens National Bank, Superior Court, CT Page 6161 judicial district of Windham at Putnam, Docket No. 062846 (March 8, 2001, Foley, J.). See Underwriters Support Group, Inc. v. Fortis, Superior Court, judicial district of New Britain at New Britain, Docket No. 487732 (May 7, 1999, Robinson, J.) (24 Conn.L.Rptr. 488) ("This court is persuaded by the reasoning articulated in the majority of courts passing on this issue."); Giacomo v. USFG Ins., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 164760 (September 10, 1998, D'Andrea, J.) (court denied defendant's motion to strike holding that "a single act is sufficient to support a CUTPA claim.");Abrams v. Riding High Dude Ranch, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345046 (February 5, 1998, Skolnick,J.) ("The plaintiffs need only allege a single act of misconduct to bring a claim under CUTPA."); Nygaard v. Metropolitan Property Casualty Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 151924 (April 7, 1997, Karazin, J.) (court denied defendant's motion to strike holding that "a single act of misconduct is sufficient to support a CUTPA claim."); Lovick v. Nigro, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 542473 (February 24, 1997. Lager, J.) ("[T]he court agrees with the weight of authority which holds that CUTPA encompasses . . . single acts of alleged misconduct.").
Furthermore, this court finds persuasive the well-reasoned opinion inRoncari Development Co. v. GMG Enterprise, Inc., 45 Conn. Sup. 408,718 A.2d 1025 (1997), which determined that a single act of misconduct can constitute a violation of CUTPA. The court opined that "[t]hough the language of § 42-110b(a) unquestionably describes substantive violations of CUTPA in the plural, it does not, on its face, purport to require proof of multiple acts, practices or methods of competition to establish a CUTPA violation. As it is the purpose of this remedial statute to protect consumers, competitors and other business people from all kinds of unfair trade practices, without limitation, it surely takes no leap of logic to infer that the legislature meant to prohibit every such act, practice or method of competition, if ever and whenever it occurred. A contrary reading of the statute would effectively afford immunity from CUTPA enforcement to any person whose unfair or deceptive act, practice or method of competition, however harmful to the rights and interest of others, cannot be shown to have happened more than once." (Emphasis omitted.) Id., 429-30.
The court continued by stating that "the broader context of CUTPA makes it clear that each and every unfair method of competition, as well as each and every unfair or deceptive act or practice is separately actionable as a violation of CUTPA by any person who suffers an ascertainable loss by reason thereof. General Statutes § 42-110g, which establishes the right to bring an action for money damages under CT Page 6162 CUTPA, describes the conduct necessary to recover such damages in the singular as follows: "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employmentof a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages.' (Emphasis added.) The singular usage in the previously quoted statute leaves nothing to the imagination as to the conduct which is prohibited by § 42-110b. It makes plain that the plural language of § 42-110b prohibits single, as well as multiple or repeated acts, practices and methods of competition. It also clearly establishes that each such act, practice and method of competition affords a proper basis for a damages action under CUTPA." Id., 430; see also Conduah v. Herb Chambers, Inc., Superior Court, judicial district of Hartford at Hartford, Docket No. 580919 (May 28, 1999, Peck, J.) (court denied defendant's motion to strike relying onRoncari Development Co. in holding that single act of misconduct can constitute violation of CUTPA).
Furthermore, this court is unpersuaded by the defendant's reliance onQuimby v. Kimberly Clark Corp., 28 Conn. App. 660, 613 A.2d 838
(1992).[5] Consequently, viewing the allegations in a light most favorable to the plaintiffs, this court finds that a single act of misconduct is sufficient to allege a violation of CUTPA. Accordingly, the defendant's motion to strike count eleven of the plaintiffs' amended complaint is hereby denied.
 _____________________ HICKEY, JUDGE